## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **CHENGLING PENG and ZONG YU LIN,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: |
| **ILHOM ABDURAZZAQOV and SHIRE EXPRESS, INC.,** | ) ) ) | **DEMAND FOR TRIAL BY JURY** |
| Defendants. | ) ) | |

## COMPLAINT

COME NOW the Plaintiffs, Chengling Peng and Zong Yu Lin, and for the relief hereinafter sought, respectfully show as follows:

### I.   JURISDICTION

1. A controversy exists between the Plaintiffs and Defendants involving more than Seventy-Five Thousand Dollars. ($75,000.00).

2. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. 1332).

### II.   STATEMENT OF PARTIES

3. Plaintiff, Chengling Peng, at all times material to the allegations of this complaint, was and is an individual over the age of nineteen (19) years who is a resident citizen of Alameda County, California.

4. Plaintiff, Zong Yu Lin, at all times material to the allegations of this complaint, was and is an individual over the age of nineteen (19) years who is a resident citizen of Alameda County, California.

5. Defendant Ilhom Abdurazzaqov, upon information and belief at all times material to the allegations of this complaint, was and is an individual over the age of nineteen (19) years

who is a resident citizen of Mercer County, West Virginia. He may be served at 3144 E. Cumberland Road, Apartment 113, Bluefield, West Virginia 24701.

6. Defendant Shire Express, Inc. is a corporation incorporated in Ohio and with its principal place of business in Ohio, which at all times pertinent to this civil action operated a trucking business in the State of New Mexico and which employed Ilhom Abdurazzaqov as the driver of a commercial vehicle on the date of the collision forming the basis of Plaintiffs' complaint. Defendant Shire Express, Inc. may be served through its Registered Agent, Dilshod Shaymardanov, 9827 Arbor Montgomery Lane, Cincinnati, Ohio 45249.

### III.    FACTUAL ALLEGATIONS

7. Plaintiffs adopt and incorporate paragraphs one (1) through six (6) as if fully set out herein.

8. On January 5, 2022, at approximately 4:15 P.M., Plaintiffs Chengling Peng and Zong Yu Lin were operating a 2012 Nissan traveling east on Interstate 10, in Hidalgo County, New Mexico.

9. At the same time and place, Defendant Ilhom Abdurazzaqov was operating a 2016 Freightliner TS tractor-trailer and also traveling east on Interstate 10.

10. Defendant Ilhom Abdurazzaqov made an improper lane change causing the front of his tractor-trailer to collide with the rear-end of the vehicle operated by Chengling Peng and Zong Yu Lin on Interstate Highway 20.

### IV.    CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE/WANTONNESS

11. Plaintiffs adopt and incorporate paragraphs one (1) through ten (10) as if fully set out herein.

12. Defendant Ilhom Abdurazzaqov, while acting in the line and scope of his employment with Defendant Shire Express, Inc., was under a duty at the time of the incident forming the basis of Plaintiffs' Complaint to refrain from operating a motor vehicle negligently.

13. Defendant Ilhom Abdurazzaqov breached his duty by negligently causing and/or allowing his tractor-trailer to collide with the vehicle in which the Plaintiffs Chengling Peng and Zong Yu Lin were traveling.

14. As a direct and proximate consequence of the negligence and/or wanton conduct of the Defendants, Plaintiffs Chengling Peng and Zong Yu Lin were caused to suffer the following injuries and damages:

 (a) they were caused to incur medical expenses to treat and cure their injuries;

 (b) they will be caused to incur medical expenses in the future;

 (c) they were caused to suffer physical pain and mental anguish;

 (d) they were permanently injured;

 (e) their vehicle was rendered less valuable; and

 (f) they were caused to be injured and damaged, all to their detriment.

15. Accordingly, the Plaintiffs bring this action against Defendant Ilhom Abdurazzaqov for negligence and/or wantonness.

## COUNT TWO
## RESPONDEAT SUPERIOR

16. Plaintiffs adopt and incorporate paragraphs one (1) through fifteen (15) as if fully set out herein.

17. On January 5, 2022, at the time of the occurrence forming the basis of Plaintiffs' Complaint, Defendant Shire Express, Inc. was the principal and/or employer of Defendant Ilhom Abdurazzaqov.

18. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Ilhom Abdurazzaqov was acting as the agent, servant and/or employee of Defendant Shire Express, Inc.

19. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Ilhom Abdurazzaqov was acting within the line and scope of his employment with Defendant Shire Express, Inc.

20. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Ilhom Abdurazzaqov was operating a tractor-trailer in furtherance of the business purposes of Defendant Shire Express, Inc.

21. As a result of the foregoing, Defendant Shire Express, Inc. is vicariously liable to the Plaintiffs for the negligent and/or wanton conduct of Defendant Ilhom Abdurazzaqov that proximately caused the injuries to Plaintiffs.

### COUNT THREE
### NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT

22. Plaintiffs adopt and incorporate paragraphs one (1) through twenty-one (21) as if fully set out herein.

23. At the time of the occurrence forming the basis of Plaintiffs' Complaint, Ilhom Abdurazzaqov was acting as the agent, servant and/or employee of Defendant Shire Express, Inc.

24. As Ilhom Abdurazzaqov's principal and/or employer, Defendant Shire Express, Inc. had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

25. Defendant Shire Express, Inc., negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made

the basis of the Plaintiffs' Complaint.

26. As a proximate consequence thereof, Plaintiffs were injured and damaged as set out above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Chengling Peng and Zong Yu Lin, request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants for compensatory damages, in an amount to be shown by the evidence at trial. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, LLP**

By: */s/ Justin R. Kaufman*
Justin R. Kaufman
Rosalind B. Bienvenu
Caren I. Friedman
505 Cerrillos Road, Suite A209
Santa Fe, NM  87501
Telephone:  (505) 986-0600
Facsimile:  (505) 986-0632
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com
cfriedman@dpslawgroup.com

Brett Turnbull *(pro hac vice pending)*
**TURNBULL, HOLCOMB & LEMOINE, PC**
2101 6th Avenue N., Ste. 1100
Birmingham, AL  35203
Telephone:  (205) 831-5040
Facsimile:  (205) 848-6300
bturnbull@turnbullfirm.com

*Attorneys for Plaintiffs*